**McCARTHY & HOLTHUS, LLP**
Kristin A. Schuler-Hintz (NSB# 7171)
khintz@mccarthyholthus.com
Thomas N. Beckom, Esq. (NSB# 12554)
tbeckom@mccarthyholthus.com
9510 West Sahara Avenue, Suite 200
Las Vegas, NV 89117
Telephone: (702) 685-0329
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN M. GAMBLE,<br><br>Plaintiff,<br><br>v.<br><br>HUNTINGTON NATIONAL BANK; HOMEWARD RESIDENTIAL, INC; SYNCHRONY BANK; EQUIFAX INFORMATION SERVICES, LLC; EXPERIENCE INFORMATION SOLUTIONS, INC; TRANSUNION, LLC<br><br>Defendants. | Case No. 2:16-cv-01936-GMN-CWH<br><br>**STIPULATION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT AS WELL AS STIPULATION RESOLVING OBJECTION [DOC 25] AND OTHER RELATED MATTERS**<br>**(Third Request)** |

COMES HOMEWARD RESIDENTIAL INC, (hereinafter "HOMEWARD") on the one hand by and through their counsel of record Thomas N. Beckom, Esq of the law firm of McCarthy & Holthus LLP; and KEVIN GAMBLE ("GAMBLE") by and through their counsel of record Matthew I. Knepper, Esq of the Law Firm of Knepper & Clark, LLC and hereby file this Stipulation for Extension of Time to Respond to the Motion to Dismiss as well as Stipulation Resolving Objection and Other Related Matters pursuant to LR 6-1.

## **RECITALS**

1. On August 15, 2016 Gamble filed a complaint alleging *inter alia* violations of the Fair Credit Reporting Act. [Doc 1]

2. On or about September 7, 2016; Homeward filed a Motion to Dismiss [Doc 9] and thereafter filed a Motion to Stay Discovery [Doc 14] in which the nexus of both motions was that Mr. Gamble had not made a prima facie showing on an inaccuracy sufficient to support a claim under the Fair Credit Reporting Act. Mr. Gamble disagrees with Homeward's assessment.

3. Additionally, Homeward contended in the Motion to Stay Discovery that discovery would be essentially unduly burdensome and a *carte blanc* invasion into Homeward's affairs which was unnecessary in light of the credit report containing no inaccuracy. Mr. Gamble disagrees with this assessment.

4. On October 6, 2016; Gamble filed a proposed discovery plan which had affixed Homeward's attorney's e-signature to the plan. [Doc 24].

5. On October 6, 2016; Homeward objected and in said objection noted that there may have been a miscommunication regarding ratification of the Discovery Plan as Homeward continued to contend that in light of the lack of a prima facie inaccuracy in the credit report that FRCP 26 disclosures as well as extensive discovery into the elements of an FCRA claim were inappropriate. Gamble however disagrees and contends that discovery is appropriate, however does agree that the e-signature issue was the result of an errant miscommunication.

6. In the interim however, Gamble and Homeward have engaged in settlement discussion and Gamble has issued a settlement proposal to Homeward. Homeward is evaluating this settlement proposal at this time.

7. Due to the pending settlement discussion Gamble and Homeward hereby stipulate as follows.

8. Gamble has previously asked for two extensions to respond to the Motion to Dismiss, however the nexus of the matter has changed in that the parties may settle.

9. Homeward however reserves all rights and continues to contend that discovery is improper unless it is satisfied that Gamble has made a prima facie showing of a violation under the FCRA.

## **STIPULATION**

It is hereby **STIPULATED** that Gamble shall have until October 21, 2016 to respond to the Motion to Dismiss the Complaint as well as the Motion to Stay Discovery;

It is further **STIPULATED** that Homeward shall have until October 28, 2016 to produce Fed. R. Civ. Pro 26 disclosures, however Homeward will not be compelled to produce its policies and procedures for credit reporting until either (1) a discovery request is directed at Homeward requesting this material (which would allow Homeward to object on an appropriate basis) or (2) the Motion to Stay Discovery is resolved;

/…/…/

/…/…/

/…/…/

/…/…/

/…/…/

/…/…/

/…/…/

It is further **STIPULATED** that the Objection to the Proposed Discovery Plan [Doc 25] is hereby deemed withdrawn however both parties note that Homeward continues to affirm its original position regarding a discovery stay which will be resolved by the magistrate at a later date as appropriate

DATED this 6th day of October, 2016

**KNEPPER AND CLARK LLC**

/s/ *Matthew Knepper, Esq*

Matt Knepper, Esq
Nevada Bar No. 12796
10040 W. Cheyenne Ave. Suite 170-109
Las Vegas, NV 89129
Attorney for
*Kevin Gamble*

DATED this 6th day of October, 2016

**McCARTHY & HOLTHUS, LLP**

/s/ *Thomas N. Beckom, Esq*

Kristin A. Schuler-Hintz, Esq
Nevada Bar No. 7171
Thomas N. Beckom, Esq
Nevada Bar No. 12554
9510 West Sahara Avenue, Suite 200
Las Vegas, Nevada 89117
*Attorney for the Homeward Residential*

**IT IS SO ORDERED**

DATED this __October 13__ ____, 2016

_____
UNITED STATES MAGISTRATE JUDGE